UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SON NGUYEN,<br><br>                                 Petitioner,<br>vs.<br>KATHY MENDOZA POWERS,<br>WARDEN, et al.,<br><br>                                 Respondents. | CASE NO. 09cv1465 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Report and Recommendation (Doc. # 14) filed by Magistrate Judge Cathy Ann Bencivengo.

### BACKGROUND

    On July 6, 2009, Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing the Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Doc. # 1). Petitioner challenges the decision of the Board of Parole Hearings (the "Board") denying him parole on August 14, 2007. *Id.*; *see also* Lodgment 1. Petitioner is serving a life sentence with the possibility of parole for kidnapping for the purpose of robbery, auto theft, and for using a firearm in commission of the kidnapping and the auto theft. (Lodgment 2). Petitioner alleges two grounds for relief. (Doc. # 1 at 6). Petitioner alleges (1) "[t]he Board has failed to provide some evidence to show that Petitioner is unsuitable for parole, violating his state and federal due process rights;" and (2) "[t]he Board's conclusion that petitioner

would pose a risk of danger [is] not supported by 'some evidence' [which] violated [P]etitioner's due process rights." *Id.* at 6-7.

On December 11, 2009, the Respondent filed a Response in Opposition to the Petition. (Doc. # 11). Respondent contends that the state court decisions upholding the Board's denial of parole were not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *Id.* at 5.

On January 11, 2010, Petitioner filed a traverse.

On February 22, 2010, the Magistrate Judge issued the Report and Recommendation ("R&R"), which recommends the petition be denied. (Doc. # 14). The R&R concludes that the Board cited "some evidence" which supports its determination that Petitioner should not be granted parole. *Id.* at 7-8. The R&R concludes that Petitioner received all process that was due because the Board gave Petitioner a chance to be heard and explained the reasons behind the denial. *Id.* at 7. The R&R concludes that the Board relied on a number of factors, including (1) the cruel and callous manner in which Petitioner committed his crime; (2) the crime involved multiple victims; (3) Petitioner's prior criminal history; (4) Petitioner's failure to "upgrade vocationally or sufficiently participate in self-help programs or activities;" and (5) Petitioner's failure to accept responsibility for his actions. *Id.* at 8 (*citing* Lodgment 1 at 75-83). The R&R concludes that, contrary to Petitioner's assertion, the Board considered factors in Petitioner's favor in making its decision. *Id.* at 9. Those factors include Petitioner's lack of a disciplinary record while incarcerated and Petitioner's prior enrollment in AA and NA. *Id.* at 9 (*citing* Lodgment 1 at 79-80). The R&R concludes the Board did not rely solely on "unchanging factors," such as Petitioner's prior criminal history or the nature of his offense, in making its determination. *Id.* at 10.

The R&R informed the parties that any party may file an objection no later than March 26, 2010 and that any reply shall be filed no later than April 9, 2010. *Id.* On March 4, 2010, Petitioner filed his objection to the R&R. (Doc. # 15). Respondent did not file any objections or response to Petitioner's objection.

In his objection, Petitioner objects: (1) "to the Magistrate[']s standard of [r]eview;" (2)

to the "Magistrate's assertion that Petitioner is not entitled to habeas relief;" (3) to the "Magistrate's assertion that '[t]he Parole Board gave all process that was due;" and (4) to the "Magistrate's [r]ecommendation that the petition[] be denied." (Doc. # 15 at 1). Petitioner also states he believes his case requires an evidentiary hearing. *Id.* at 15. Petitioner contends the state court's decision upholding the Board's denial of parole is an unreasonable application of the case law because Petitioner was a teenager heavily influenced by his peers and because his crimes are not "particularly [e]gregious in comparison to similar life crimes." *Id.* at 3. Petitioner contends that a language barrier resulted in a misunderstanding during his psychosocial assessment. *Id.* at 3-4. Petitioner contends the doctor misunderstood his "opinion about the length of [his] confinement" and his statements about his willingness to attend AA or NA meetings. *Id.* Petitioner attaches a declaration signed under penalty of perjury stating that the doctor misunderstood his statement that he would attend AA and NA meetings after his work day was over as a statement that he would "only get self-help if time permitted." *Id.* at 6. Petitioner seeks appointment of counsel, a hearing, and an order directing the Board to allow him to have a second psychosocial assessment with a translator. *Id.* at 5.

## STANDARD OF REVIEW

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 100 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

## ANALYSIS

Petitioner objected to the standard of review applied by the Magistrate Judge. The Court concludes the Magistrate Judge correctly applied the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which the Ninth Circuit has held is applicable to parole denials. *See*

*Redd v. McGrath*, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003).

Although Petitioner contends that two of the factors used by the Board are invalid because of a language barrier, Petitioner's contention would not have any bearing on four additional factors the Board relied on. As the R&R notes, the Board relied on Petitioner's failure to attend AA or NA meetings while incarcerated and Petitioner's failure to "upgrade vocationally and educationally," as well as the seriousness of the underlying crime and Petitioner's prior record in denying Petitioner parole. *See* Lodgment 1 at 77-80; Doc. # 14 at 8-9. Even if the psychosocial assessment is based in part on misunderstandings of Petitioner's future intentions and acceptance of responsibility, these other factors would amply support the Board's decision under the "some evidence" standard applicable to parole denials under California law. *See Hayward v. Marshall*, __ F.3d __, No. 06-55392, slip op. at 6330 (9th Cir. April 22, 2010).

Petitioner's other objections all challenge the Magistrate Judge's conclusion that Petitioner's claim is without merit and the petition should be denied. The Court's *de novo* review of the record shows that the R&R correctly determined that Petitioner is not entitled to a writ of habeas corpus.

Petitioner's request for an evidentiary hearing and for counsel are based on his assertion that his Petition is "meritorious" and his lack of fluency in English. In determining whether to appoint counsel for an indigent petitioner, a court must examine the petitioner's ability to articulate his claims in light of the complexity of the legal issues and petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 781 F.2d 952, 954 (9th Cir. 1983). Although Petitioner's lack of fluency in English may reduce his ability to articulate his claims, Petitioner's claims are neither complex nor meritorious. Petitioner has presented no legal or factual issues which would require the Court to conduct a hearing. The Court therefore concludes that the interests of justice do not require the appointment of counsel.

Because the Court concludes Petitioner is not entitled to habeas relief, the Court declines to grant Petitioner's request that the Court order the Board to conduct a second psychosocial assessment with a translator.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the Court denies Petitioner's habeas Petition, the Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments which are sufficient to warrant granting a certificate of appealability.

## CONCLUSION

**IT IS HEREBY ORDERED THAT**:

(1) The Report and Recommendation (Doc. # 14) is **ADOPTED** in its entirety.

(2) The Petition for a Writ of Habeas Corpus is **DENIED**.

(3) The Court **GRANTS** a certificate of appealability.

DATED: 6/24/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE